```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEBRASKA

Del-Maur Farms, Inc.,            )
a Nebraska Corporation,          )
                                 )              4:04CV3282
          Plaintiff,             )
                                 )
     v.                          )
                                 )         MEMORANDUM AND ORDER
Cargill, Incorporated d/b/a      )
Cargill Animal Nutrition,        )
and                              )
Excel Corporation,               )
a Delaware Corporation,          )
                                 )
          Defendants.            )
                                 )
```

Defendants have moved for an extension of time in which to disclose expert witnesses. The plaintiff has opposed the motion.

Ordinarily, the court would not address the motion, as the defendants have not filed anything describing their compliance with NECivR 7.1(i); however, among the attachments to the motion is a copy of an e-mail message sent to plaintiff's counsel in which moving counsel asserts several unsuccessful attempts to reach plaintiff's counsel by phone. I conclude that the rule's requirement has been met. Even so, the ever-increasing ease with which to raise contentiousness through e-mail communications is sorely reflected by these attachments, and illustrates the reasons for the court's opting to require person-to-person conversation except where shown to be thwarted.

The disagreement here stems from the defendants' erroneous, though not altogether unjustified, interpretation of the court's progression order, in two respects: First, that defendants are required to disclose only "non-rebuttal" experts thirty days

before the deposition deadline; and second, that defendants are entitled to delay disclosures of experts who will "rebut" plaintiff's experts' opinions until only fifteen days before the deposition deadline.  Defendants also incorrectly assert that they are entitled to delay their own disclosures of expert witnesses until after the plaintiff's experts have been deposed.

Regarding the first set of misinterpretations, even though in my twenty-four years in this position no other defendant to my knowledge has so interpreted that paragraph of the court's progression order, I cannot say that it could not be clearer. Slight ambiguity in the order permits slight accommodation by the court, and I shall rule accordingly.

Regarding the defendants' assertion of a *quid pro quo* relationship between the duty to disclose and the availability of one's opponent's expert's deposition, that is, that defendants' duty to disclose is not triggered until plaintiff has made its expert available for deposition, neither the defendants' motion nor any of the attachments to it set out any such notion or agreement between the parties as claimed by the defendants. There is nothing in the Federal Rules of Civil Procedure, nor this court's local rules, nor in the progression order itself which even remotely bestows any such entitlement, and no authority has been cited in support of defendants' contention.

Finally, the defendant also seeks additional time in which to file a motion for summary judgment.  The reason advanced for such an extension, however, is speculative.  I shall deny that portion of the motion.

Upon consideration of the positions of the parties,

IT THEREFORE HEREBY IS ORDERED,

1. That portion of the motion, filing 93, which seeks additional time to disclose expert witnesses in accordance with the requirements of Fed. R. Civ. P. 26(a)(2) is granted in part, and

> a. Defendants are given until July 22, 2005 to file all of their disclosures of expert witnesses in accordance with that rule.
>
> b. Plaintiff is given until August 8, 2005 to make additional expert disclosures if necessary to rebut the opinions of the defendants' experts disclosed in accordance with subparagraph (a) above.
>
> c. The deposition deadline is extended to August 19, 2005.
>
> d. The pretrial conference is continued to September 8, 2005 at 2:00 p.m. in the chambers of the undersigned in **Lincoln**.

2. That portion of the motion, filing 93, which seeks an extension of the deadline to file summary judgment motions is denied.

DATED this 12th day of July, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

3